UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER BERNEGGER,

    Plaintiff,

    v.

FEDERAL ELECTION COMMISSION,

    Defendant.

_____/

Case: 1:25−cv−04559
Assigned To : Boasberg, James E.
Assign. Date : 12/31/2025
Description: Pro Se Gen. Civ. (F−DECK)

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

(52 U.S.C. § 30109(a)(8)(A))

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### PRELIMINARY STATEMENT

Plaintiff Peter Bernegger brings this action under the Federal Election Campaign Act ("FECA"), 52 U.S.C. § 30109(a)(8)(A), to compel the Federal Election Commission ("FEC" or "Commission") to act on his sworn administrative complaint alleging systematic violations of federal campaign finance laws by three committees affiliated with Senator Amy Klobuchar. The FEC received Plaintiff's complaint on August 26, 2025, and assigned it Matter Under Review ("MUR") No. 8399. More than 120 days have passed without action. The Commission's continued inaction is contrary to law.

### I. NATURE OF THE ACTION

1.    This is a citizen-suit action under 52 U.S.C. § 30109(a)(8)(A), which provides that "[a]ny party aggrieved by an order of the Commission dismissing a complaint filed by such party under paragraph (1), or by a failure of the Commission to act on such complaint during the 120-day period beginning on the date the complaint is filed, may file a petition" in this Court.

RECEIVED

DEC 3 1 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

2.    Plaintiff seeks: (a) a declaration that the Commission's failure to act on Plaintiff's administrative complaint within 120 days is 'contrary to law' under 52 U.S.C. § 30109(a)(8)(C); and (b) an order directing the Commission to conform with such declaration within thirty (30) days pursuant to 52 U.S.C. § 30109(a)(8)(C).

## II. JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 52 U.S.C. § 30109(a)(8)(A), which vests exclusive jurisdiction over citizen suits against the FEC in "the United States District Court for the District of Columbia."

4.    This Court also has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2201 (Declaratory Judgment Act).

5.    Venue is proper and exclusive in this district pursuant to 52 U.S.C. § 30109(a)(8)(A).

## III. PARTIES

6.    Plaintiff Peter Bernegger is a citizen of the United States and a registered voter residing at 1806 Brynnwood Trace, New London, Wisconsin 54961. Plaintiff filed the underlying administrative complaint with the FEC and is an "aggrieved" party within the meaning of 52 U.S.C. § 30109(a)(8)(A).

7.    Defendant Federal Election Commission is an independent agency of the United States government established by the Federal Election Campaign Act of 1971, as amended, 52 U.S.C. § 30106. The FEC is responsible for administering, interpreting, and civilly enforcing FECA. The Commission's principal office is located at 1050 First Street, NE, Washington, D.C. 20463.

## IV. STANDING

8.    Plaintiff has standing to bring this action under 52 U.S.C. § 30109(a)(8)(A). The Supreme Court has held that a complainant before the FEC suffers a cognizable "informational injury" when the Commission fails to act, because the complainant is deprived of information about potential campaign finance violations to which he is entitled under FECA. *FEC v. Akins*, 524 U.S. 11, 21 (1998).

9.    Plaintiff, as a citizen and voter, has a statutory right to have the FEC act on his administrative complaint within a reasonable time. The Commission's failure to act deprives Plaintiff of his interest in ensuring compliance with federal election laws and obtaining a determination on the merits of his complaint. *See Common Cause v. FEC*, 842 F.2d 436, 449 (D.C. Cir. 1988).

## V. STATUTORY AND REGULATORY FRAMEWORK

10.    Under 52 U.S.C. § 30109(a)(1), "[a]ny person who believes a violation of this Act . . . has occurred, may file a complaint with the Commission."

11.    Upon receiving a complaint, the Commission must notify the respondent(s) and provide them an opportunity to respond. 52 U.S.C. § 30109(a)(1); 11 C.F.R. § 111.6.

12.    The Commission must then determine, by an affirmative vote of four Commissioners, whether there is "reason to believe" that a violation has occurred. 52 U.S.C. § 30109(a)(2). If the Commission finds reason to believe, it conducts an investigation. If not, the Commission dismisses the complaint. *Id.*

13.    If the Commission "fail[s] to act on [a] complaint during the 120-day period beginning on the date the complaint is filed," the complainant may file suit in this Court. 52 U.S.C. § 30109(a)(8)(A).

14.     The D.C. Circuit has held that a "failure to act" includes a failure to: (a) make a "reason to believe" finding; (b) vote to dismiss the complaint; or (c) take any other final action resolving the administrative complaint. *See Common Cause*, 842 F.2d at 449; *see also* 11 C.F.R. § 111.4(a).

15.     If the Court declares the Commission's failure to act "contrary to law," it "may direct the Commission to conform" with the declaration within thirty (30) days. 52 U.S.C. § 30109(a)(8)(C).

## VI. FACTUAL BACKGROUND

### A. The Administrative Complaint

16.     On August 26, 2025, Plaintiff filed a verified administrative complaint with the FEC pursuant to 52 U.S.C. § 30109(a)(1). A true and correct copy of the administrative complaint is attached hereto as Exhibit 1.

17.     The administrative complaint alleged violations of FECA by the following respondents (collectively, the "Klobuchar Committees") and their respective treasurers in their official capacities:

(a)     Amy Klobuchar for Minnesota (FEC ID: C00431353);

(b)     Amy Klobuchar Victory Committee (FEC ID: C00628354); and

(c)     Amy for America (FEC ID: C00696419).

18.     Specifically, Plaintiff's administrative complaint alleged that the Klobuchar Committees violated:

(a)     52 U.S.C. § 30122, by knowingly accepting contributions made in the name of another person ("smurfing" or "straw donor" contributions);

(b)     52 U.S.C. § 30104(b), by knowingly filing false reports with the Commission containing inaccurate contributor information; and

(c)     52 U.S.C. § 30116, by accepting contributions that circumvent statutory contribution limits.

19.     The administrative complaint was supported by extensive documentary evidence, including FEC contribution data showing statistically anomalous patterns such as: (a) individual donors making hundreds of micro-donations on single days; (b) elderly and unemployed individuals attributed with making tens of thousands of contributions; and (c) contribution patterns exhibiting characteristics of automated or algorithmic activity rather than organic human behavior.

*B. FEC Acknowledgment and Inaction*

20.     By letter dated September 3, 2025, the FEC acknowledged receipt of Plaintiff's administrative complaint. The letter stated that the complaint was received on August 26, 2025, and that the matter had been assigned MUR No. 8399. A true and correct copy of the FEC acknowledgment letter is attached hereto as Exhibit 2.

21.     Under 52 U.S.C. § 30109(a)(8)(A), the 120-day statutory period for the Commission to act on Plaintiff's complaint began on August 26, 2025, the date the complaint was filed.

22.     The 120-day statutory period expired on December 24, 2025.

23.     As of the date of filing this Complaint, more than 120 days have elapsed since August 26, 2025.

24.     Despite the passage of more than 120 days, the Commission has failed to take any action on Plaintiff's administrative complaint. Specifically, the Commission has not:

    (a)     Made a "reason to believe" determination under 52 U.S.C. § 30109(a)(2);

    (b)     Voted to dismiss the complaint;

    (c)     Entered into conciliation with the respondents; or

    (d)     Taken any other final action communicated to Plaintiff.

25.     Plaintiff has received no communication from the Commission regarding the status or disposition of MUR 8399 other than the initial acknowledgment letter.

## VII. CLAIM FOR RELIEF

*(Failure to Act Contrary to Law – 52 U.S.C. § 30109(a)(8))*

26.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

27.     The Commission's failure to act on Plaintiff's administrative complaint within 120 days - by failing to make a reason-to-believe determination, vote to dismiss, or take any other final action - constitutes a "failure of the Commission to act" within the meaning of 52 U.S.C. § 30109(a)(8)(A).

28.     The Commission's failure to act is "contrary to law" within the meaning of 52 U.S.C. § 30109(a)(8)(C). *See CREW v. FEC*, 993 F.3d 880, 885-86 (D.C. Cir. 2021) (explaining the standard for determining whether FEC action is "contrary to law").

29.     Plaintiff is aggrieved by the Commission's failure to act and is entitled to judicial relief under 52 U.S.C. § 30109(a)(8).

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.       Declare that the Federal Election Commission's failure to act on Plaintiff's administrative complaint (MUR 8399) within 120 days is "contrary to law" under 52 U.S.C. § 30109(a)(8)(A);

B.       Order the Commission to conform with such declaration within thirty (30) days by taking action required under FECA, including making a determination under 52 U.S.C. § 30109(a)(2);

C.       Retain jurisdiction over this matter to ensure compliance with the Court's order;

D.       Award Plaintiff his costs of litigation and, to the extent permissible under 52 U.S.C. § 30109(a)(8)(B), reasonable litigation expenses; and

E.       Grant such other and further relief as the Court deems just and proper.

IX. EXHIBITS

Exhibit 1:     Verified Administrative Complaint to the FEC dated August 26, 2025 (MUR 8399)

Exhibit 2:     FEC Acknowledgment Letter dated September 3, 2025

VERIFICATION

I, Peter Bernegger, am the Plaintiff in this action. I have read the foregoing Complaint and know its contents. The factual allegations in this Complaint are true and correct to the best

of my knowledge, information, and belief, and are based upon my personal knowledge, documents in my possession, and publicly available records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. *See* 28 U.S.C. § 1746.

Executed on: January 2nd, 2025

_____

Peter Bernegger

### SIGNATURE

Respectfully submitted,

_____

Peter Bernegger
1806 Brynnwood Trace
New London, WI 54961
Telephone: (920) 551-0510
Email: pmbmap1232@gmail.com

Dated: January 2nd, 2025

**CERTIFICATE OF SERVICE**

I certify that on or about January 9, 2026, I will serve the Summons and Complaint in this action pursuant to Fed. R. Civ. P. 4(i) as follows:

1. Federal Election Commission (agency defendant):
   Office of General Counsel
   Federal Election Commission
   1050 First Street, NE
   Washington, DC 20463

2. United States Attorney for the District of Columbia (Rule 4(i)(1)(A)):
   Civil Process Clerk
   Office of the United States Attorney for the District of Columbia
   555 Fourth Street, NW
   Washington, DC 20530

3. Attorney General of the United States (Rule 4(i)(1)(B)):
   U.S. Department of Justice
   Office of the Attorney General
   950 Pennsylvania Avenue, NW
   Washington, DC 20530

Service on the United States Attorney will be completed by personal delivery to the Civil Process Clerk or other authorized personnel. Service on the Attorney General and the Federal Election Commission will be completed by a method permitted by Rule 4(i) and local practice (including certified mail where appropriate).

_____
Peter Bernegger